**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINA WING,<br><br>                    Plaintiff,<br><br>v.<br><br>NONGHYUP BANK<br><br>                    Defendants. | ECF/CM Case<br><br>Case No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## <u>NATURE OF THE ACTION AND THE PARTIES</u>

1.      This is an action to redress unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Family Medical Leave Act 29 U.S.C. 2601, et. seq., the New York State Human Rights Law ("State Human Rights Law") N.Y. Exec.  L. §290 et seq., and the New York City Human Rights Law ("City Human Rights Law") N.Y.C. Admin Code 8-101 et. seq.

2.      Plaintiff Christina Wing ("Wing" or "Plaintiff") is a former employee of NongHyup Bank, New York Branch ("NH" or "NH Bank" or "Defendant"). Wing is an American of Chinese descent.  Wing held the position of Anti Money Laundering Officer, Bank Secrecy Act Officer, and Chief Branch Compliance Officer for the New York branch of NH.

3.      Defendant NH is the New York Branch of a South Korean based banking institution licensed in the State of New York to conduct banking operations in the United States and the State of New York.

## <u>JURISDICTION AND VENUE</u>

4.      The Court has jurisdiction over Wing's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

1

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all causes of action accrued within New York County.

6.      Wing has satisfied all necessary pre-suit administrative requirements in order to bring this action.

## FACTUAL ALLEGATIONS

### *Background*

7.      In December 2017, NH agreed to a Consent Order (CO) from the Department of Financial Services and a Written Agreement from Federal Reserve Bank of New York. Both agreements were given due to severe deficiencies in the NY branch's Anti-Money Laundering (AML) Program.

8.      The bank, pursuant to a consent decree with the SEC and the NY banking authorities, was required to hire a specialist in bank compliance. Wing was such a specialist.

9.      The branch went through several Compliance Officers and other compliance staff. The main reason was due to the bank hiring unqualified and inexperienced bank compliance personnel.

10.     Prior to Wing's employment, the bank was without a compliance officer for more than five (5) months. On August 2nd, 2018 Wing - an experienced compliance officer- began her employment with NH.

11.     As the Branch Compliance Officer Wing reported directly to the Chief Compliance Officer in South Korea and the NY Branch General Manager (BGM).

12.     The BGM is the highest-level position in the branch. Wing also acted as the supervisor for the Branch's compliance staff.

2

### *The Complaints of Discrimination Based on Sex, Race and National Origin*

13.    During Wing's employment at NH Wing experienced numerous instances of discrimination based upon her sex, race and national origin as described below.

14.    Korean was the dominate language used by management. With that in mind, Wing reminded NH's management that English was the dominant language of business in the U.S. and that she did not speak or understand Korean. Therefore, she made a request for real-time translation so that she could fully participate in bank meetings and in order to make real-time assessments on whether bank management was meeting the requirements of the above-mentioned consent decree.

15.    Wing's request was denied, and she later determined that the motivating factor for this denial was sexism, race and national origin.  Wing concluded that sexism was a factor when control over her subordinate, Patrick, a Korean Male on the bank compliance remediation project, was repeatedly undermined by management although it was in the bank's best interest to employ competent personnel so that they could comply with the above-mentioned consent decree. Wing complained to management about this employee's misogynistic and nationalist attitude and behavior directed at her because of her sex and because she is not Korean and she was not a member of the dominant ethnicity of NH's personnel.

16.    Wing eventually complained to NH as described above about this discriminatory behavior both formally and informally.  Wing complained about her role at NH being diminished despite her title, knowledge, experience and expertise; unfounded character attacks during her questionable performance review, exclusion from important meetings and being treated differently because she is not Korean.  Wing stated that she believed these issues were due to her race, sex, and national origin.

17.     After Wing made the above-mentioned complaints to management about discrimination, she became the target of an alleged discrimination complaint herself.

18.     After NH completed its investigation into Wing's complaint as well as the complaints that follow below her employment was terminated on August 5, 2019, on a pretext of excessive absences.

### *The Request and the Return to Work*
### *After Leave for a Serious Medical Condition*

19.     During her employment, Wing sought medical treatment and required surgery to correct her chronic knee condition.

20.     Wing notified her employer of her need for surgical procedure relating to her knee.

21.     An agreement was reached where she would, take a short amount of time off for this procedure and other post-surgery intermittent leave as necessary for rehabilitation.

22.     On returning to work shortly after the procedure, Wing ambulated with cane.  Due to Wing's knee condition not healing appropriately, Wing required extensive physical therapy to improve her condition.  NH and Wing agreed that her physical therapy would be scheduled before work so as to minimize any interference with her job duties.

23.     On the heels of the completion of NH's questionable internal investigation concerning Wing's complaint of sexism, racism and national origin discrimination as described above in paragraphs 11 through 18, NH retracted its approval of Wing's reasonable accommodation intermittent leave to address her rehabilitative medical needs and instead reprimanded her for excessive lateness and absences.

24.     Accordingly, NH terminated Wing's employment on a pretext of excessive absences and tardiness.

## COUNT - I
### *Title VII: Discrimination and Termination of Employment Because of Race*

25.     Wing repeats and realleges every factual allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

26.     At all relevant times NH was an "employer" within the meaning of Title VII. NH's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination because of Wing's race in violation of Title VII.

27.     NH's conduct, as alleged herein, was carried out with malice or reckless disregard for Wing's right not to suffer from discrimination because of her race.

28.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

29.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

30.     As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under Title VII.

## COUNT - II
### *Title VII: Discrimination and Termination of Employment Because of Gender*

31.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

5

32.     At all relevant times, NH was an "employer" and Wing was an "employee" of the within the meaning of Title VII.

33.     NH's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination based on Wing's sex ("gender") all in violation of Title VII.

34.     NH's conduct, as alleged herein, was carried out with malice or reckless disregard for Wing's right not to suffer from discrimination because of her gender.

35.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

36.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

37.     As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under Title VII.

### COUNT - III
### *Title VII: Discrimination and Termination of Employment Because of National Origin*

38.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

39.     At all relevant times, NH was an "employer" and Wing was an "employee" of the within the meaning of Title VII. NH's conduct, as alleged herein, constituted unlawful

employment practices and unlawful discrimination based on Wing's National Origin all in violation of Title VII.

40.     NH's conduct, as alleged herein, was carried out with malice or reckless disregard for Wing's right not to suffer from discrimination because of her National Origin.

41.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

42.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

43.     As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under Title VII.

## COUNT - IV
### *Title VII: Retaliation for Engaging Protected Activity*

44.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

45.     At all relevant times, NH was an "employer" and Wing was an "employee" of the within the meaning of Title VII. NH's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination because Wing's chose to exercise her rights under Title VII.

46.     NH's conduct, as alleged herein, was carried out with malice or reckless disregard for Wing's right not to suffer from discrimination because of her National Origin.

7

47.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

48.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

49.     As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under Title VII.

### COUNT - V
### *Family Medical Leave Act: Interference*

50.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

51.     At all relevant times, NH was an "employer" and Wing was an "employee" of the within the meaning of the FMLA.

52.     NH's conduct, as alleged herein, interfered with Wing's rights under the Family Medical Leave Act to exercise her right to take leave under the Act.

53.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

54.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional

distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

55.     As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under the FMLA.

<u>**COUNT - VI**</u>
*<u>Family Medical Leave Act: Retaliation</u>*

56.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

57.     At all relevant times, NH was an "employer" and Wing was an "employee" of the within the meaning of the FMLA.

58.     NH's conduct, as alleged herein, was in retaliation for Wing's exercising her right to take leave under the Act.

59.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

60.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

61.     As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under the FMLA.

## COUNT - VII
### *State Human Rights Law: Discrimination and Termination of Employment Because of Race*

62.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

63.     At all relevant times Wing as an "employer" and NH was an "employee" within the meaning of the State Human Rights Law.

64.     NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her race as outlawed under the State Human Rights Law.

65.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the State Human Rights Law.

66.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the State Human Rights Law.

## COUNT - VIII
### *State Human Rights Law: Discrimination and Termination of Employment Because of Gender*

67.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

68.     At all relevant times Wing as an "employer" and NH was an "employee" within the meaning of the State Human Rights Law.

10

69.     NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her Gender as outlawed under the State Human Rights Law.

70.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the State Human Rights Law.

71.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the State Human Rights Law.

## COUNT - IX
### State Human Rights Law: Discrimination and Termination of Employment Because of National Origin

72.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

73.     At all relevant times Wing as an "employer" and NH was an "employee" within the meaning of the State Human Rights Law.

74.     NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her National Origin as outlawed under the State Human Rights Law.

75.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost

11

back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the State Human Rights Law.

76.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the State Human Rights Law.

<u>**COUNT - X**</u>
*<u>State Human Rights Law: Discrimination and Termination</u>*
*<u>of Employment Because of Disability</u>*

77.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

78.     At all relevant times Wing as an "employer" and NH was an "employee" within the meaning of the State Human Rights Law.

79.     NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her Disability as outlawed under the State Human Rights Law.

80.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the State Human Rights Law.

81.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her

residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the State Human Rights Law.

**COUNT – XI**
***Title VII: Retaliation for Engaging Protected Activity***

82.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

83.     At all relevant times, NH was an "employer" and Wing was an "employee" of the within the meaning of Title VII. NH's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination because Wing's chose to exercise her rights under Title VII.

84.     NH's conduct, as alleged herein, was carried out with malice or reckless disregard for Wing's right not to suffer from discrimination because of her National Origin.

85.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

86.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

87.     As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under Title VII.

13

## COUNT – XII
### *State Human Rights Law: Interference and Retaliation*
### *for Taking Medical Leave*

88.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

89.     At all relevant times Wing as an "employer" and NH was an "employee" within the meaning of the State Human Rights Law.

90.     NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her right to take medical leave and not suffer adverse employment action because of taking medical leave.

91.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the State Human Rights Law.

92.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the State Human Rights Law.

## COUNT - XIII
### *City Human Rights Law: Discrimination and Termination*
### *of Employment Because of Race*

93.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

14

94.     At all relevant times NH as an "employer" and Wing was an "employee" within the meaning of the City Human Rights Law.

95.     NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her race as outlawed under the City Human Rights Law.

96.     As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the City Human Rights Law.

97.     As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the City Human Rights Law.

## COUNT - XIV
### *City Human Rights Law: Discrimination and Termination*
### *of Employment Because of Race*

98.     Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

99.     At all relevant times NH as an "employer" and Wing was an "employee" within the meaning of the City Human Rights Law.

100.    NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her race as outlawed under the City Human Rights Law.

101.    As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost

15

back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the City Human Rights Law.

102.    As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the City Human Rights Law.

**COUNT - XV**
***City Human Rights Law: Discrimination and Termination***
***of Employment Because of Gender***

103.    Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

104.    At all relevant times NH as an "employer" and Wing was an "employee" within the meaning of the City Human Rights Law.

105.    NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her gender as outlawed under the City Human Rights Law.

106.    As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the City Human Rights Law.

107.    As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her

residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the City Human Rights Law.

### COUNT - XVI
### *City Human Rights Law: Discrimination and Termination*
### *of Employment Because of National Origin*

108.    Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

109.    At all relevant times NH as an "employer" and Wing was an "employee" within the meaning of the City Human Rights Law.

110.    NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her National Origin as outlawed under the City Human Rights Law.

111.    As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the City Human Rights Law.

112.    As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the City Human Rights Law.

## COUNT - XVII
### City Human Rights Law: Discrimination and Termination
### of Employment Because of Race

113.    Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

114.    At all relevant times NH as an "employer" and Wing was an "employee" within the meaning of the City Human Rights Law.

115.    NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her Disability as outlawed under the City Human Rights Law.

116.    As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the City Human Rights Law.

117.    As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the City Human Rights Law.

## COUNT - XVIII
### Title VII: Retaliation for Engaging Protected Activity

118.    Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

119.    At all relevant times, NH was an "employer" and Wing was an "employee" of the within the meaning of Title VII. NH's conduct, as alleged herein, constituted unlawful

employment practices and unlawful discrimination because Wing's chose to exercise her rights under Title VII.

120.    NH's conduct, as alleged herein, was carried out with malice or reckless disregard for Wing's right not to suffer from discrimination because of her National Origin.

121.    As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

122.    As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

123.    As a result of NH's unlawful conduct, Wing is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from NH under Title VII.

### COUNT - XIX
### *City Human Rights Law: Interference and Retaliation*
### *for Taking Medical Leave*

124.    Wing repeats and realleges every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

125.    At all relevant times Wing as an "employer" and NH was an "employee" within the meaning of the State Human Rights Law.

126.    NH's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her right to take medical leave and not suffer adverse employment action because of taking medical leave.

19

127.    As a result of NH's unlawful conduct, Wing has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the State Human Rights Law.

128.    As a further result of NH's unlawful conduct, Wing has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Wing is entitled to recover damages for such injuries from NH under the State Human Rights Law.

## PRAYER FOR RELIEF COMMON TO ALL COUNTS

WHEREFORE, Wing demands judgment as follows and for the Court to grant further relief as may be necessary and proper as follows:

(a) enter a judgment declaring the acts and/or practices of NH to be in violation of the above described laws against unlawful discrimination in the workplace;

(b) award Wing as against NH, loss wages, including without limitation back-pay, bonuses, pension and retirement benefits as a result of NH's acts of unlawful workplace discrimination;

(c) award Wing as against NH, consequential damages for losses resulting from NH's unlawful acts of workplace discrimination.

(d) award Wing as against NH, compensatory damages for among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the above described laws against workplace discrimination;

20

(e) award Wing as against NH, punitive damages; and

(f) award Wing as against NH, the cost of this action together with attorneys' fees in accordance with the above described laws against workplace discrimination.


## JURY DEMAND

Wing demands a jury trial for all issues triable by jury.


November 16, 2020                        Respectfully submitted,
New York, New York

                                         MASON LAW, PLLC.
                                             11 Broadway, Suite 615
                                             New York, NY 10004
                                             (212) 498-9691
                                             (212) 498-9692- Fax


                                         By: /s/ D. Christopher Mason
                                             D. Christopher Mason, Esq.
                                             *Attorney for Plaintiff*