USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
    CHRISTINA WING,

                      Plaintiff,

          -against-

    NONGHYUP BANK,

                      Defendant.
------------------------------------------------------------------X

20-CV-9630 (VEC)

<u>ORDER</u>

**VALERIE CAPRONI, United States District Judge:**

WHEREAS on November 16, 2020, Christina Wing filed a Complaint against her former employer, NongHyup Bank (the "Bank"), for unlawful employment practices pursuant to Title VII of the Civil Rights Act, the Family Medical Leave Act, the New York State Human Rights Act, and the New York City Human Rights Act, Compl., Dkt. 1;

WHEREAS Ms. Wing alleged that she began her employment at the Bank on August 2, 2018, *id.* ¶ 10;

WHEREAS on February 11, 2021, the Bank filed a motion to compel arbitration and to dismiss the Complaint, Motion, Dkt. 15; Mem. of Law, Dkt. 16 at 9–10;

WHEREAS Ms. Wing does not dispute that on the date she was hired, she signed an arbitration agreement, pursuant to which she agreed to arbitrate "[a]ny and all alleged legal disputes" relating to her employment, Arb. Agreement, Dkt. 17-1; Resp., Dkt. 18;

WHEREAS Ms. Wing does not dispute that the arbitration agreement she signed is enforceable and applies to the legal claims brought in this action, Resp., Dkt. 18;

WHEREAS Ms. Wing does not identify any grounds that would support a finding that the arbitration agreement is invalid, revocable, or unenforceable, *see id.*, and the Court sees none;

WHEREAS Ms. Wing complains that the Bank refused "to engage in any other alternative dispute resolution for well over one year," Resp., Dkt. 18 at 1, but she also conceded that the arbitration agreement applies when she requested that the Court stay this action pending resolution of the arbitration, *id*. at 2;

WHEREAS "the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), requires a stay of proceedings when all claims are referred to arbitration and a stay [is] requested," *Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015); and

WHEREAS the Bank concedes that when a request for a stay is made by any party, the Court is required to stay the action and not dismiss it, Reply, Dkt. 19 at 2;

IT IS HEREBY ORDERED that the Bank's motion to compel arbitration is GRANTED.

IT IS FURTHER ORDERED that the action is STAYED pending arbitration. *See Katz*, 794 F.3d at 343. The parties must submit joint quarterly updates on the status of the arbitration. The first such update is due no later than **Friday, October 1, 2021**. Subsequent updates must be filed every three months, on the first business day of the applicable month.

The Clerk of Court is respectfully directed to close the open motion at docket entry 15.

**SO ORDERED.**

**Date: June 29, 2021**
**New York, NY**

                                      **VALERIE CAPRONI**
                                      **United States District Judge**